BLIGHT (EWING v.). See Cases Nos. 4,-589 and 4,590.

---

## Case No. 1,542.

BLIGHT v. FISHER et al.

[Pet. C. C. 41.][1]

Circuit Court, D. New Jersey. Oct. Term, 1809.

CONTEMPT — SERVICE OF SUMMONS ON PARTY IN ATTENDANCE ON COURT — SERVICE IN ACTUAL OR CONSTRUCTIVE PRESENCE OF COURT.

1. It is not a contempt of court, to serve a person while attending at the court as a party in a cause, or as a witness, with a summons. This privilege extends to exemption from arrest, and no further.

[Cited in Atchison v. Morris, 11 Fed. 583; Larned v. Griffin, 12 Fed. 592.]

[See, contra, Parker v. Hotchkiss, Case No. 10,739.]

2. It is a contempt of court to serve process, either of summons or capias, in the actual or constructive presence of the court.

[Cited in Bridges v. Sheldon, 7 Fed. 44.]

This was a motion made on the part of the defendants [by Ashley, Fisher, and Bayard, assignees of Peter Blight, a bankrupt] to dismiss this suit and for an attachment against the plaintiff [Deborah Blight, executrix of George Blight, deceased] for a contempt, in having had a summons served upon them in April, 1808, whilst they were attending at the court, in a suit in which they were plaintiffs against the present plaintiff. It appeared by the affidavits, that, immediately after the verdict was rendered in the case of the present plaintiff against the defendants, in April, 1808 (see 1 Pet. C. C. 15 [Blight v. Ashley, Case No. 1,541]), the defendants went with the jury, as is customary, to the tavern, at some distance from where the court was sitting, and, whilst they were there, the summons to answer in this case was served. At that time a suit, in which the defendants were plaintiffs against the present plaintiff, was for trial. [Motion overruled.]

In favour of the motion, Messrs. Griffiths and Rawle contended, that the service of the writ was a contempt of the court; but, if it was not, it was a breach of the privilege, to which the defendants as suitors were entitled. 3 Inst. 140; 6 Com. Dig. 90; 2 Strange, 1094; 2 Lil. Abr. 455; Lofft, 435; [Bolton v. Martin], 1 Dall. [1 U. S.] 296; [Gyer v. Irwin] 4 Dall. [4 U. S.] 107; 2 Strange, 985; Miles v. M'Cullough, 1 Bin. 77.

Mr. Stockton, for the plaintiff, replied, that the privilege of a suitor or witness extends only to an exemption from arrest; and that to serve a summons, is no contempt of the court, unless done in its presence. He read the report of Cole v. Hawkins, Andrews, 275; also, 5 Bac. Abr. 619; 3 Bl. Comm. 288; 5 Bac. Abr. 616.

WASHINGTON, Circuit Justice (MORRIS, absent). Mr. Stockton has taken the true distinction. The service of process, whether a capias or summons, in the actual or con-

---

structive presence of the court, is a contempt, for which the officer may be punished. But the privilege of a suitor or witness extends only to an exemption from arrest. The privilege claimed being in derogation of the right of the other party to sue, the defendant's counsel were fairly called upon to produce some case to support his claim to the privilege. 3 Inst., 6 Com. Dig., and 2 Strange, are obviously cases of contempt, from the circumstance of the process having been served in presence of the court. The doubt as to this fact in Cole v. Hawkins, Andrews, 275, is perfectly cleared up by referring to Andrews, where the case is more fully and correctly reported. It appears, that the motion was not to discharge the party from the service, but for an attachment; and the court go expressly on the ground, that the writ was served on the steps leading to the court, which was constructively in the presence of the court. What Chief Justice Lee says in that case, in respect to the extent of the privilege, is clearly in answer to what had dropped from the counsel. If it be a case of privilege merely, it extends to the party manendo as well as eundo et redeundo. But, upon the main point, the opinion of the court is confined to the question of contempt. 2 Lil. Abr. is the case of an arrest. The case of Miles v. M'Cullough, 1 Bin. 77, which alone induced the court to suspend the decision until this morning, has been examined, and it is as clearly the case of service in the presence of the court. The expressions of the reporter are "the defendant, while attending in this court, upon an appeal, &c. was served, &c." The argument at the bar is not reported, but I can understand the case in but one way—that the party, at the time of the service, was in the presence of the court. The cases from Dallas' Reports relate to the claim of privilege by a member of the convention, and by a member of assembly. It is not for me to approve or to condemn those decisions. It is sufficient that the state courts of Pennsylvania have attributed to persons standing in public situations, such as those persons held, a degree of sanctity sufficient to protect them against the service even of a summons; and perhaps it was right to afford it upon considerations connected with the public good. But the defendants were not attending as members of the legislature, and would not, I apprehend, have been entitled, even in Pennsylvania, to as extended a privilege. In one of those cases the right to a continuance of his cause, was considered as a part of his privilege; which, I apprehend, cannot be claimed by a suitor as such, though it may be granted him as an indulgence, in the discretion of the court. On the other hand, the writers, who speak upon this subject, confine the privilege of suitor and witnesses to exemption from arrest, and not a dictum to the contrary is to be found.

Motion overruled.

BLIGHT (PALMER v.). See Case No. 10,-684.

BLIGHT (WICKHAM v.). See Case No. 17,-611.

BLIGHT (WILLINGS v.). See Case No. 17,-765.

BLIGHT'S ASSIGNEES (HUMPHREYS v.). See Case No. 6,870.